**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

TRENDON WASHINGTON, # 355-010     \*

Petitioner     \*

v     \*     Civil Action No. JFM-15-128

WARDEN BOBBY SHEARIN, and     \*
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,     \*

Respondents.     \*
               \*\*\*

**MEMORANDUM**

Respondents seek dismissal of Trendon Washington's ("Washington") petition for writ of habeas corpus for lack of exhaustion. Washington, apparently recognizing he has yet to fully exhaust his claims before the state courts, has filed a motion to hold the petition in abeyance "in the interest of judicial economy… in the event the Court of Special Appeals reverses the post-conviction court's decision…." (ECF 4).

Washington is challenging his judgment of conviction in the Circuit Court for Baltimore City, Maryland, for conspiracy to commit murder. In January of 2009, Washington was convicted by a jury sitting in the Circuit Court for Baltimore City, Maryland, of conspiracy to commit murder.  Washington seeks federal habeas corpus relief based on ineffective assistance of counsel for failure to object during the trial court's voir dire.  For reasons to follow, the motion to stay and hold the petition in abeyance will be denied, the petition (ECF 1 and 8)[1] will be dismissed without prejudice, and a certificate of appealability will not issue.

_____

[1] On February 23, 2015, Washington filed an amendment to the petition (ECF 8) which has been fully considered by this court.

## PROCEDURAL HISTORY

On April 6, 2009, Washington was sentenced to life in prison. Washington, through counsel, appealed to the Court of Special Appeals of Maryland, raising the following issues: (1) the record failed to reflect that the jury convicted him of conspiracy to commit murder in the first degree; (2) the trial court erred in admitting certain hearsay testimony; and (3) the motions court improperly denied his motion to suppress evidence of a recovered handgun and statements he made.

By unreported filed on June 30, 2010, the Court of Special Appeals affirmed Washington's convictions. On October 22, 2010, the Court of Appeals of Maryland declined review. Washington's judgment became final for direct appeal purposes on January 20, 2011. *See* Sup. Ct. Rule 13.1 (petition for certiorari to be filed within 90 days of date of judgment from which appeal is sought).

On August 23, 2011, Washington filed a petition for state post-conviction relief in the Circuit Court for Baltimore City, arguing ineffective assistance of trial counsel for failing to object to the court's *voir dire*. Washington's request for post-conviction relief was granted by a statement of reasons filed on September 6, 2012. The State filed an application for leave to appeal this decision. The Court of Special Appeals granted leave to appeal and remanded the case to the Circuit Court for further proceedings.

On September 4, 2014, the Circuit Court denied post-conviction relief. Washington filed an application for leave to appeal the post-conviction court's adverse decision. As of February 18, 2015, Washington's application for leave to appeal remains pending before the Court of Special Appeals in *Washington v. State*, No. 1681, September Term, 2014.

## DISCUSSION

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. See 28 U.S.C. § 2254(b) &(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction.  In Maryland, a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., § 12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Crim. Proc. Code Ann. § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file for writ of certiorari to the Court of Appeals.

Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is available only in limited circumstances and is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Washington's application for leave to appeal the denial of post-conviction relief by the Circuit Court for Baltimore City is pending before the Court of Special Appeals. (ECF 7, Ex. 5; ECF 7, n. 2). He has yet to exhaust available state remedies with regard to the claim raised in his current habeas petition. Washington's summarily stated reason for requesting a stay and abeyance as being "in the interest of judicial economy" does not satisfy the *Rhines* standard. *See Rhines*, 544 U.S. at 277-78 (opining that stay should be granted only where good cause has been shown); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (suggesting that the stay and abeyance standard also applies to "protective petitions" containing no exhausted claims but filed prior to the completion of the exhaustion process to ensure future federal review).

## CERTIFICATE OF APPEALABILITY

A petitioner has no absolute entitlement to appeal a district court's denial of his habeas corpus request. See 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Washington does not demonstrate entitlement to a COA in the instant case. Accordingly, the petition will be dismissed without prejudice and a certificate of appealability will not issue.

## CONCLUSION

For these reasons, petitioner's motion to stay and hold this matter in abeyance will be denied. The petition will be dismissed without prejudice for lack of exhaustion.[2] A certificate of appealability will not issue. A separate order follows.

_February 24, 2015_
Date

_____/s/_____
J. Frederick Motz
United States District Judge

---

[2] In the event petitioner intends to refile for federal habeas relief after exhaustion of his state court remedies, he should be mindful that a one-year limitations period applies. Petitioner will be sent a § 2254 forms and information packet to assist him if he decides to pursue his claim on federal habeas review.